**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-5970-DMG (ASx)** | Date | August 12, 2026 |
|---|---|---|---|
| Title | ***Jesse L. Anguiano v. Los Angeles County Metropolitan Transportation Authority*** | Page | 1 of 2 |

Present: The Honorable DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE**

Plaintiff Jesse L. Anguiano, proceeding *pro se* (that is, self-represented), filed a complaint against the Los Angeles County Metropolitan Transportation Authority for damages arising out of an alleged automobile accident in which Plaintiff was a passenger in the County's vehicle. [Doc. # 1.] Plaintiff also requested to proceed *in forma pauperis* ("IFP"), that is, with the $405 filing fee for this action waived. [Doc. # 4.]

On June 29, 2026, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and the Court's independent obligation to assess its own subject matter jurisdiction. [Doc. # 9.] The Court dismissed the complaint with leave to amend because the Court lacked subject matter jurisdiction over the claims as alleged. *Id.* The Court gave Plaintiff until July 30, 2026 to file an amended complaint if Plaintiff wished to proceed with this action. *Id.* at 2. In doing so, the Court explained that failure to timely file an amended complaint would result in dismissal of this action without prejudice. *Id.* To date, Plaintiff has not filed the amended complaint or taken further action in this matter.

Five factors apply when considering whether to dismiss an action for failure to prosecute or comply with a Court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). These factors all favor dismissal here. Plaintiff's failure to litigate this action notwithstanding the Court's explanation and opportunity to correct the deficiencies weighs in favor of dismissal. It appears Plaintiff does not intend to or cannot litigate this action or comply with the Court's instructions. Dismissal will not prejudice the defense at this early stage. Nor will maintaining this action result in a disposition on the merits, given Plaintiff's lack of prosecution. Finally, the Court has already attempted less drastic measures.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 26-5970-DMG (ASx)** | Date | August 12, 2026 |
| Title | ***Jesse L. Anguiano v. Los Angeles County Metropolitan Transportation Authority*** | Page | 2 of 2 |

Accordingly, the Court **DISMISSES** this action without prejudice for failure to prosecute and to comply with court orders. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.